FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADEM F.,[1] <br>           Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br>           Defendant. | No. 2:18-cv-00293-MKD <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 13, 14 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 13, 14. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 13, and grants Defendant's motion, ECF No. 14.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

ORDER - 2

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

ORDER - 3

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On November 12, 2015, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits, with an alleged disability onset date of April 25, 2015.[2] Tr. 448-65. The applications were denied initially, Tr. 377-84, and on reconsideration, Tr. 387-92. Plaintiff appeared

---

[2] On April 24, 2015, an ALJ previously awarded Plaintiff a closed period of disability, with disability beginning June 28, 2012, and ending November 19, 2013. Tr. 299-320. Thus, the relevant alleged period of disability for purposes of Plaintiff's current applications is April 25, 2015, the date after the ALJ's prior decision. 20 C.F.R. §§ 404.950(f), 404.955, 416.1450(f), 416.1455.

ORDER - 6

before an administrative law judge (ALJ) on August 21, 2017. Tr. 257-98. On November 20, 2017, the ALJ denied Plaintiff's claim. Tr. 20-44.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 25, 2015. Tr. 26. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine status post fusion C5-7; status post bilateral shoulder surgeries; status post left knee surgeries; cardiomyopathy; irritable bowel syndrome; depressive disorder; and anxiety disorder. Tr. 26.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 28. The ALJ then concluded that Plaintiff has the RFC to perform sedentary work with the following limitations:

> [Plaintiff] can stand and walk for about 2 hours in an 8-hour day and sit up to 8 hours in an 8-hour day with a sit/stand option (change from a sitting to a standing position and vice versa) every 30 minutes for five minutes while remaining at the workstation. He can occasionally climb ramps and stairs and stoop. He cannot engage in climbing ladders, ropes, or scaffolds, crouching, kneeling, or crawling. He can reach overhead bilaterally on an occasional basis and engage in handling and fingering bilaterally frequently. He needs to avoid all use of moving dangerous machinery and unprotected heights. He is capable of no more than simple, routine, and repetitive tasks in work that would be low stress (defined as not requiring the worker to cope with work-related circumstances that could be dangerous to the worker or to others), with no production pace or high sales quota-type work. He

ORDER - 7

1  would be limited to no more than occasional interaction with the
public. He is able to work around coworkers but no team or tandem
work.

Tr. 29-30.

At step four, the ALJ found Plaintiff unable to perform any past relevant work. Tr. 35. At step five, the ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as: bench hand, garment sorter, and mail clerk. Tr. 36. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the amended alleged disability onset date of April 25, 2015, though the date of the decision. Tr. 37.

On August 30, 2018, the Appeals Council denied review of the ALJ's decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

ORDER - 8

2. Whether the ALJ properly evaluated Plaintiff's RFC.

ECF No. 13 at 11-12.

## DISCUSSION

### A. Plaintiff's Symptom Claims

Plaintiff contends the ALJ failed to rely on clear and convincing reasons in discrediting his statements about the intensity, persistence, and other limiting effects of his symptoms. ECF No. 13 at 14-16.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

ORDER - 9

omitted). General findings are insufficient. The ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or taken to alleviate pain or other symptoms; 5) treatment, other than medication, the claimant receives or received for relief of pain or other symptoms; 6) any measures other than treatment the claimant uses or used to relieve pain or other symptoms; and 7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p; 20 C.F.R. § 416.929(c)(1)-(3). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p.

While the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms,

ORDER - 10

the ALJ discounted Plaintiff's claims concerning the intensity, persistence, and limiting effects of the symptoms. Tr. 31.

### 1. Inconsistent with the Objective Medical Evidence

The ALJ found Plaintiff's reported symptoms related to his heart, back, lower extremities, and upper extremities, including his hands, were inconsistent with the objective findings, including imaging and examination findings. Tr. 30-31. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by the objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Here, the ALJ found that Plaintiff routinely had normal gait, normal neurological findings, normal range of motion in the neck, and normal strength in his upper and lower extremities. Tr. 32 (citing Tr. 655, 697, 718, 855, 865, 921-22, 925, 936, 937, 947-48, 1071). As to Plaintiff's hands, the ALJ highlighted that Plaintiff presented once with decreased grip strength but that the x-rays of his hands were negative. Tr. 32 (citing Tr. 609-36, 958-59, 963, 947-48, 943). On this record, the ALJ's finding that Plaintiff's

physical symptoms were not as disabling as Plaintiff reported and instead were consistent with sedentary work is rational and supported by substantial evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[W]hen the evidence is susceptible to more than one rational interpretation" the court will not reverse the ALJ's decision.).

*2. Disability-Seeking Behavior and Inconsistent Statements*

The ALJ also found Plaintiff's allegations of disabling pain inconsistent with his statements to his treatment providers. Tr. 22. In evaluating a claimant's symptom claims, an ALJ may consider the consistency of an individual's own statements made in connection with the disability-review process with any other existing statements or conduct under other circumstances. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (The ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid."). Moreover, evidence that the claimant was motivated by secondary gain is sufficient to support an ALJ's rejection of testimony. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Therefore, the tendency to exaggerate or engage in manipulative conduct during the administrative process is a permissible reason to discount the credibility of the claimant's reported symptoms. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Here, the

ORDER - 12

ALJ found, based on Plaintiff's inconsistent statements, that Plaintiff exhibited disability-seeking behavior. Tr. 31. For instance, the ALJ noted that Plaintiff accused his doctors of lying about his "disability" and that he made inconsistent statements about his lawn care, sleeping, anabolic steroid and other drug use, and reasons for not engaging in counseling. Tr. 31 (citing Tr. 1001 (noting that Plaintiff was upset about the ECHO results, which could negatively impact his disability application); Tr. 1102 (discussing Plaintiff's frustration with Sandra Dickey, PAC and that she was not writing a letter in support of his disability application); Tr. 717 (reporting that he began using marijuana when he was fifteen and began injecting steroids twice a week when body building for two months and then stopped); Tr. 851 (reporting sleeping 15-16 hours a day and using steroids for seventeen years); Tr. 716, 719 (reporting sleeping three to six hours per night and waking up several times due to pain); Tr. 678 (noting ten-year steroid use); Tr. 706 (noting that Plaintiff was not interested in counseling); Tr. 698 (noting that Plaintiff was instructed to minimize his marijuana use as the prescribed medications were to help with sleep and pain); Tr. 702 (noting the presence of TCA and cannabinoids in Plaintiff's urine test); Tr. 652, 655 (buying hydrocodone "off the streets" because he ran out of pain medicine)). In addition, the ALJ highlighted that Plaintiff turned down treatment for trigger finger because he was afraid of needles, even though Plaintiff previously had several procedures

ORDER - 13

involving needles without any notation in the record as to hesitancy about needles. Tr. 32. On this record, that Plaintiff offered inconsistent statements, which indicated that he exaggerated his symptoms to facilitate his disability applications, is a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's reported physical and mental symptoms.

### 3. Failure to Participate in Treatment

The ALJ discounted Plaintiff's reported mental health symptoms because Plaintiff elected not to participate in counseling. Tr. 31. An ALJ may discredit a claimant's symptom complaints if the claimant fails to show good reason for failing to follow treatment recommendations. *Smolen*, 80 F.3d at 1284. Here, the ALJ found that "[d]espite being strongly encouraged to engage in counseling on multiple occasions," Plaintiff had not done so. Tr. 31 (citing Tr. 685 (referring Plaintiff to mental health counseling); Tr. 691 (stressing that it was "imperative" that Plaintiff start weekly counseling to reduce his stress/anxiety); Tr. 699 ("Patient to call Frontier Behavior Health again and if unable to be seen call my office back or find a different counselor.")). While Plaintiff offered various reasons for not attending counseling, such as that he could not go because of his pain and irritable bowel symptoms, he also stated that he was not interested in counseling and that Frontier Behavioral Health declined treating him. Tr. 31 (citing Tr. 696-97, 706). On this record, which reveals that mental health counseling was recommended in

part to reduce Plaintiff's IBS symptoms and that his treating provider Dr. Mark Gaulke requested that Plaintiff follow-up with him if Frontier Behavioral Health would not provide counseling, Tr. 685-99, it was reasonable for the ALJ to discount Plaintiff's mental health symptoms because he did not participate in the prescribed treatment to reduce his symptoms. This was a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's reported symptoms.

    4. *Inconsistent with Work Cessation*

The ALJ also discounted Plaintiff's allegation of total disability because he stopped work due to lack of work and not being paid, rather than an impairment-related reason. Tr. 32. An ALJ may consider that a claimant stopped working for reasons unrelated to the allegedly disabling condition when weighing the Plaintiff's symptom reports. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Here, the ALJ highlighted that, during a psychological diagnostic evaluation in 2016, Plaintiff shared that he stopped working five years earlier because there were no painting jobs available. Tr. 717. On this record, the ALJ's finding that Plaintiff stopped work for a reason unrelated to an impairment is a rational interpretation of the record, supported by substantial evidence. When Plaintiff's work-cessation reason is considered in light of the objective medical evidence and Plaintiff's inconsistent statements and failure to participate in mental-

health counseling, this reason served as a clear and convincing reason to discount Plaintiff's reported symptoms.

   5. *Inconsistent with Daily Activities*

The ALJ also found Plaintiff's daily living activities were inconsistent with his allegation of total disability. Tr. 31-32. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported inability to work. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13. Here, the ALJ highlighted that Plaintiff cooked simple meals with his mother, took care of three dogs, vacuumed and mopped, cleaned the bathroom, did his laundry, washed dishes, drove, shopped, mowed the lawn, watched television, and handled his own money. Tr. 31-32. The ALJ deemed these independent living activities to be inconsistent with Plaintiff's reports of a disability. Tr. 32. Although the ALJ accurately summarizes the Plaintiff's reported activities, these activities as briefly described in the record, are insufficient—either individually or cumulatively—to indicate

ORDER - 16

that Plaintiff's capacities are transferable to a work setting or contradict claims of a totally debilitating impairment. This was not a clear and convincing reason to discount Plaintiff's reported symptoms. Any error is harmless though because the ALJ identified several other clear and convincing reasons to discount Plaintiff's symptom claims. *See Carmickle v. Astrue*, 533 F.3d 1155, 1162-63 (9th Cir. 2008); *Molina*, 674 F.3d at 1115.

**B. RFC**

Plaintiff contends the ALJ failed to include all of Plaintiff's restrictions, including his absenteeism resulting from his anxiety and IBS, into the RFC. ECF No. 13 at 16-17. Plaintiff's argument is based entirely on the assumption that the ALJ erred in considering Plaintiff's physical and mental symptom claims. *Id*. For reasons discussed *supra*, the ALJ's consideration of Plaintiff's symptom reports is legally sufficient and supported by substantial evidence. Moreover, Plaintiff did not challenge the weight that the ALJ gave to the medical opinions; therefore, Plaintiff waived challenging the ALJ's treatment of these medical opinions. *See Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (recognizing that a failure to assert an argument constitutes waiver of that argument). The ALJ crafted an RFC that contained several limitations, including limiting Plaintiff to sedentary work with a sit/stand option and other postural limitations; occasional overhead reaching; frequent handling and fingering; simple,

ORDER - 17

routine, and repetitive low-stress work; no high production pace or quota; occasional interaction with the public; and no team or tandem coworker work. Tr. 30. This RFC is supported by substantial evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is both supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED July 9, 2019.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 18